IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DALTON J. MEYERS** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **CIVIL ACTION NO.: 3:20-CV-03332** |
| | § | |
| **TARGET CORPORATION** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Dalton J. Meyers, hereinafter referred to as Plaintiff, complaining of Target Corporation, hereinafter referred to as Defendant, and for cause of action would respectfully show this honorable court the following:

### I.
### PARTIES

1. Plaintiff is an individual whose place of residence is Crawford County, Arkansas. The last three digits of Plaintiff's Social Security No. are 704, and the last three digits of his Arkansas Driver's License are 453.

2. Defendant Target Corporation is a corporation incorporated in the State of Minnesota, having its principal place of business in Minneapolis, Hennepin County, Minnesota, authorized to conduct business in the State of Texas, and which may be served with citation by and through its registered agent for service of process, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

## II.
## JURISDICTION

3. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy in this matter exceeds $75,000.00, excluding interest and costs.

## III.
## VENUE

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2), as the event giving rise to this claim occurred in the Northern District of Texas. Furthermore, subject to §1391(c)(2), the Defendant's place of business where Plaintiff was employed at the time of the incident in question, and where the incident occurred, is located in Northern District of Texas.

## IV.
## FACTS

5. On or about September 5, 2019, Plaintiff was an employee of the Defendant, working at the Target Distribution Center in Midlothian, Texas. Plaintiff was employed by Defendant as am inbound operations manager. On that day, at approximately 1:30 a.m., as Plaintiff was seated at his desk and engaged in the usual duties of his position, a co-worker, while operating a lift in order to retrieve a box caused a box of George Foreman Grills to fall from the shelving. This box, weighing approximately 22 pounds, fell more than 20 feet, striking Plaintiff on the head and knocking him unconscious. Directly as a result of being struck on the head by a box weighing some 22 pounds, Plaintiff sustained serious injuries and damages for which he now sues.

## V.
## CAUSES OF ACTION

6. Plaintiff would show that Defendant, as Plaintiff's employer, owed him a duty to provide a safe workplace, and that said duty is the same as that generally provided to invitees of a business under Texas law. As such, Target Corporation owed Plaintiff both a premises-liability duty and a duty not to engage in negligent activities. Plaintiff asserts that Defendant breached these duties as described more fully below.

### A.  NEGLIGENT ACTIVITY

7. Plaintiff says that his injuries and attendant damages were proximately caused by or as a contemporaneous result of an activity undertaken upon the premises of Defendant, in one or more of the following respects:

   a. In requiring Plaintiff to work at a desk which was situated directly below shelving that was almost 25 feet in height, thereby exposing Plaintiff (and other workers as well) to serious injury should, as happened in this situation, a box of parts fall from such shelving;

   b. In the failure of the fellow employee to warn Plaintiff that he was in the process of attempting to retrieve a box from the shelving some 21 feet above Plaintiff's head, such that Plaintiff would be aware that heavy materials were being moved in his general vicinity;

   c. In the failure of the fellow employee to take such precautions as necessary to ensure that nothing fell from the shelves above Plaintiff's desk while the fellow employee attempting to retrieve a box of heavy parts;

   d. By the failure of the fellow employee to ascertain that there was another box of heavy parts in close proximity to the box he was trying retrieve, such that he did not ensure that his actions would not dislodge heavy objections which would pose a risk of grave harm to the workers below;

   e. By the failure of the fellow employee to shout out a warning to Plaintiff when the box of heavy parts was knocked off the high shelf;

   f. By the failure Target to have a safety protocol in place such that employees were not allowed to remove or attempt to remove heavy objects from shelving in close

      enough proximity to other employees that an incident like the one in question could occur;

  g.  By the failure of Target to have and/or implement safety protocols prohibiting employee's desks and/or workstations from being located in the zone of danger which exists beneath shelving where heavy boxes were stored; and

  h.  Other acts of negligence.

Such negligent activity or activities proximately resulted in the injuries and damages for which Plaintiff herein sues.

**B.   PREMISES LIABILITY**

    8.    Pleading further, and in the alternative, should same be necessary, Plaintiff says that Defendant, as the owner and occupier of the premises upon which Plaintiff worked, owed its employees a duty to exercise ordinary care to keep the premises in reasonably safe condition, to inspect premises to discover latent defects and make safe any such defects, and to give adequate warnings of any such unsafe conditions. Plaintiff would show that Defendant breached these duties in one or more of the following ways:

  a.  In requiring Plaintiff to work at a desk which was situated directly below shelving that was almost 25 feet in height, thereby exposing Plaintiff (and other workers as well) to serious injury should, as happened in this situation, a box of parts fall from such shelving;

  b.  In the failure of the fellow employee to warn Plaintiff that he was in the process of attempting to retrieve a box from the shelving some 21 feet above Plaintiff's head, such that Plaintiff would be aware that heavy materials were being moved in his general vicinity;

  c.  In the failure of the fellow employee to take such precautions as necessary to ensure that nothing fell from the shelves above Plaintiff's desk while the fellow employee attempting to retrieve a box of heavy parts;

  d.  By the failure of the fellow employee to ascertain that there was another box of heavy parts in close proximity to the box he was trying retrieve, such that he did not ensure that his actions would not dislodge heavy objections which would pose a risk of grave harm to the workers below;

e. By the failure of the fellow employee to shout out a warning to Plaintiff when the box of heavy parts was knocked off the high shelf;

f. By the failure Target to have a safety protocol in place such that employees were not allowed to remove or attempt to remove heavy objects from shelving in close enough proximity to other employees that an incident like the one in question could occur;

g. By the failure of Target to have and/or implement safety protocols prohibiting employees' desks and/or workstations from being located in the zone of danger which exists beneath shelving where heavy boxes are stored; and

h. Other acts of negligence.

Plaintiff sustained serious and permanent injuries as a direct and proximate result of the negligent actions and/or omissions of the Defendant, as noted above.

9. Based upon the above and foregoing, Defendant was negligent by allowing an unreasonably dangerous condition to exist, such that it was readily foreseeable that an employee like Plaintiff could be injured if a box fell from shelving in close proximity to the desk where he worked.

10. Defendant further failed to provide adequate warnings to its employees in that general vicinity, and further, failed to take adequate precautions to locate the desks of employees such as Plaintiff a sufficient distance away from the high shelving where heavy parts were stored such that injuries like the one in question did not occur.

11. Plaintiff says that such condition, as evidenced by the incident in question, posed an unreasonable risk of harm to Defendant's employees in general and to Plaintiff in particular. Defendant had either actual awareness of this unreasonably dangerous and unsafe condition, or by the exercise of reasonable care, the Defendant should have known of the unsafe and unreasonably dangerous condition, and yet Defendant failed to take corrective action so as to protect the physical safety of its employees such as Plaintiff.

## VI.
## NEGLIGENCE – NON-SUBSCRIBING EMPLOYER

12.     As noted above, on the day of the incident in question, Defendant, Target Corporation was a non-subscriber as that term is used under the Texas Workers' Compensation Act, in that said Defendant did not carry a policy of worker's compensation insurance on the Plaintiff, and yet hired him and made use of his services as an employee. Under the provisions of §406.033, Texas Labor Code, Defendant is barred from asserting a defense based on contributory negligence, assumption of the risks, or negligence of your fellow employee.

## VII.
## DAMAGES

13.     The injuries suffered by Plaintiff as a result of the incident in question have resulted in the following damages, to-wit:

a.  Doctor, hospital, and pharmaceutical bills incurred in the past and which are reasonably expected to be incurred in the future, including a lumbar disc surgery performed on April 25, 2020, and an additional lumbar surgery performed on October 23, 2020;

b.  Physical and mental pain and suffering, both past and future;

c.  Mental anguish, both past and future;

d.  Impairment in the past and future;

e.  Loss of wages and wage-earning capacity in the past, and Plaintiff reasonably expects to suffer a loss of wage-earning capacity in the future; and

f.  Disfigurement in the past, as well as the future;

g.  Loss of the enjoyment of life, past and future.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue according to law and that Defendant be cited to appear and answer herein, that this court enter judgment for

Plaintiff for his damages as set forth above, along with pre-judgment and post-judgment interest at the maximum lawful rates; that Plaintiff recover all costs of court expended in this behalf, and that Plaintiff have such other and further relief, general or special, at law or in equity, to which he may show himself to be justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

                              Respectfully submitted,

                              */s/ Stephen C. Maxwell*
                              **STEPHEN C. MAXWELL**
                              State Bar No. 13258500
                              **DANIEL P. SULLIVAN**
                              State Bar No. 24054465
                              **BAILEY & GALYEN**
                              1300 Summit Avenue, Ste. 650
                              Fort Worth, Texas  76102
                              (817) 276-6000 Phone
                              (817) 276-6010 Fax
                              **ATTORNEYS FOR PLAINTIFF**